568 A.2d 291

**James E. SANTO, Petitioner,**

**v.**

**COMMONWEALTH of Pennsylvania, UNEMPLOYMENT COMPENSATION BOARD OF REVIEW, Respondent.**

**Patrick J. WINN, Petitioner,**

**v.**

**COMMONWEALTH of Pennsylvania, UNEMPLOYMENT COMPENSATION BOARD OF REVIEW, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Sept. 1, 1989.

Decided Dec. 28, 1989.

James E. Santo and Patrick J. Winn, pro se.

James K. Bradley, Asst. Counsel, with him, Clifford F. Blaze, Deputy Chief Counsel, for respondent.

Before CRUMLISH, Jr., President Judge, COLINS, J., and NARICK, Senior Judge.

CRUMLISH, Jr., President Judge.

James Santo and Patrick Winn (petitioners), *pro se*, respectively appeal two Unemployment Compensation Board of Review orders which, upon remand,[1] affirmed referee decisions and denied Trade Readjustment Allowance (TRA) benefits under Section 231 of the Federal Trade Act of 1974, 19 U.S.C. § 2291 (Act).[2] We reverse.

A petition for certification of TRA eligibility was filed with the United States Department of Labor (U.S. Labor Department) on behalf of employees of Wheeling Pittsburgh Steel Corporation, Allenport, Pennsylvania (Wheeling). After investigation, a U.S. Labor Department certifying officer determined that all Wheeling workers who be-

---

1. Upon the Board's application for remission of the record, this Court, by Order dated July 15, 1988, remanded the records in each matter for the taking of additional evidence and reconsideration. The Board disposed of these appeals consecutively; they were consolidated for appeal to this Court.

2. One of the Trade Act's primary purposes is to provide assistance to United States workers whose jobs are affected by the importing of products.

came separated on or after July 26, 1981, were eligible for TRA benefits. The Board determined that petitioners' last day of work was July 25, 1981, that they were separated prior to the certified impact date and thus were ineligible for TRA benefits. Section 231(a) of the Act, 19 U.S.C. § 2291(a), provides, in relevant part:

Payment of a trade readjustment allowance shall be made to an adversely affected worker covered by a certification under subpart A of this part who files an application for allowance for any week of unemployment ... if the following conditions are met:

(1) Such worker's total or partial *separation* before his application under this part *occurred*—

(A) *on or after the date, as specified in the certification* under which he is covered, on which total or partial separation began or threatened to begin in the adversely affected employment....

(Emphasis added.)

Petitioners contend that, under Wheeling's employment separation policy,[3] which provides that a worker is laid off on the first day of the week following his last day of work, they should have been considered separated from employment on July 26, 1981, because that day was the federally certified impact date. They also assert that the Office of Employment Security (OES) failed to provide sufficient information either to Wheeling, their union officials or the adversely affected employees to facilitate the fixing of an impact date encompassing all intended beneficiaries of the Act.

**3.** In a letter dated August 11, 1988, E.A. Ghelani, the Superintendent of Wheeling's Allentown Plant, stated:

Our policy at the Allenport Plant of Wheeling–Pittsburgh Steel Corporation is that an individual who is scheduled for a given week might be scheduled that week, Monday through Friday, however, he is not effectively laid off until the following Sunday because of circumstances where he could possibly have to work on Saturday. His last day of work might be Friday, however, the end of the work week is Saturday and his effective laid off day would be and always is Sunday, the beginning of a new week.

Claimant's Exhibit No. 2.

The Board counters that petitioners were properly denied TRA benefits because their separations occurred *prior to* the certified impact date. The Board relies on the definition of "date of separation" found at 20 C.F.R. § 617.3 (1988), which provides that, for the purposes of the Act:

1. 'Date of separation' means:

(1) With respect to a total separation—

(i) For an individual in employment status, the last day worked; and

(ii) For an individual on employer-authorized leave, the last day the individual would have worked had the individual been working....

The Board contends that the language of this regulation is controlling because the Act itself is silent as to what constitutes the separation date. The Board also responds that there is no evidence that petitioners were misled.

Eligibility for TRA benefits is predicated on U.S. Labor Department certification after a determination that (1) a significant amount of workers in a firm or subdivision of a firm have become totally or partially separated; (2) sales and/or production have decreased absolutely; and (3) imports of directly competitive articles substantially caused the separations and sales/productions declines. 19 U.S.C. § 2272.

In this case, the U.S. Labor Department determined that Wheeling employees were eligible for TRA benefits because of the adverse impact of imported steel products. However, eligibility was limited to employees separated on or after the impact date[4] of July 26, 1981. Despite the Board's adherence to the definition of date of separation as the "last day worked," we hold that it was error to deny TRA benefits on this basis. As set forth in Wheeling's employment separation policy, employees are not considered laid off until the beginning of the new work week because

4. Under 20 C.F.R. § 617.3(v), " '[i]mpact date' means the date stated in a certification issued under the Act on which total or partial separations began or threatened to begin in a firm or a subdivision of a firm."

of circumstances which commonly require them to work an unscheduled Saturday of the previous work week. Thus, petitioners were not formally separated *from Wheeling* until July 26, 1981, the certified impact date, and thus are eligible for TRA benefits.

We note that under subsection 1(ii) of 20 C.F.R. § 617.3, defining "date of separation," TRA eligibility is extended to employees who may be on employer-authorized leave as of the certified impact date. Although regularly scheduled days off, such as a Saturday or Sunday, are not enumerated under Section 2291(b) of the Act, 19 U.S.C. § 2291(b), as "employer authorized leave" days, we believe that in order to fulfill the remedial purposes of the Act, such an interpretation is proper here. Thus, we conclude that petitioners were on employer-authorized leave on July 26, 1981, the certified impact date, and would otherwise have been working had they been scheduled or called to do so by Wheeling. Accordingly, we reverse.

## ORDER

The Unemployment Compensation Board of Review orders, Nos. B–261965–B and B–261966–B dated March 22, 1989, are reversed.