578 A.2d 604

**Ruth A. PERSON, Petitioner,**

**v.**

**UNEMPLOYMENT COMPENSATION BOARD OF REVIEW, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs April 6, 1990.

Decided July 26, 1990.

Ruth A. Person, pro se.

James K. Bradley, Asst. Counsel, with him, Clifford F. Blaze, Deputy Chief Counsel, for respondent.

Before CRUMLISH, Jr., President Judge, PELLEGRINI, J., and SILVESTRI, Senior Judge.

## OPINION

CRUMLISH, Jr., President Judge.

Ruth Person, pro se, appeals an Unemployment Compensation Board of Review (Board) order upholding a referee's decision to deny Trade Readjustment Allowance[1] (TRA) benefits. We vacate and remand.

A petition for certification of TRA eligibility was filed with the United States Department of Labor on behalf of the employees of the GTE Hall Station plant in Muncy, Pennsylvania. After investigation, a U.S. Labor Depart-

---

1.  Under the Federal Trade Act of 1974 (Federal Trade Act or Act), 19 U.S.C. §§ 2101–2487, assistance is provided to United States workers whose jobs are affected by the importing of products.

ment certifying officer determined that GTE workers who became separated on or after May 11, 1988 were eligible for TRA benefits. Person worked for GTE Hall Station for seven and one-half years and, when laid off, filed for benefits under the certifying petition. However, the Board determined that Person's last day of work was April 26, 1988, prior to the certified "impact date" of May 11, 1988.[2] It thus found Person ineligible for TRA benefits.

Section 231 of the Federal Trade Act, 19 U.S.C. § 2291, provides, in relevant part:

> *Payment of a trade readjustment allowance shall be made* to an adversely affected worker covered by a certification under subpart A of this part ... *if the following conditions are met:*
>
> (1) *Such worker's total or partial separation* before his application under this part *occurred—*
>
>> (A) *on or after the date, as specified in the certification* under which he is covered, *on which total or partial separation began or threatened to begin* in the adversely affected employment....

(Emphasis added.)

On appeal, Person contends she should be eligible for TRA benefits because "her last day of work was just two weeks" before the impact date.

The definition of "date of separation" found at 20 C.F.R. § 617.3 (1988), provides, for purposes of the Act:

> (i) For an individual in employment status, the last day worked; and
>
> (ii) For an individual on employer-authorized leave,[3] the last day the individual would have worked had the individual been working....

2. Under 20 C.F.R. § 617.3(v) (1988), "impact date" is the date stated in a certification issued under the Act on which total or partial separation began or threatened to begin in a firm or a subdivision of a firm.

3. Employer-authorized leave includes vacation, sickness, injury, maternity, or inactive duty or active duty military service for training. 19 U.S.C. § 2291(a)(2)(A).

We note that under subsection 1(ii) of 20 C.F.R. § 617.3 defining "date of separation," TRA eligibility is extended to employees who may be on employer-authorized leave as of the certified impact date. Here, the referee found only that Person's last day of work was April 26, 1988. He failed to make a key finding, however, as to whether Person was given employer-authorized leave up until the certified impact date, which was precisely two weeks after Person's last day worked. Our review of the sparse hearing transcripts reveals that Person, pro se and uncounseled, testified only that "[t]he last date I worked was April 26th, 1988." (Notes of Testimony, 10/2/89, p. 2.)

Thus, because a determination of whether Person was on employer authorized leave, *see Santo v. Unemployment Compensation Board of Review*, 130 Pa.Commonwealth Ct. 330, 568 A.2d 291 (1989), is critical to the question of TRA benefits eligibility, we are constrained to vacate the decision of the Board and remand this case for further fact-finding.

SILVESTRI, Senior Judge, dissents.

### ORDER

The Unemployment Compensation Board of Review order, No. B–277762 dated Nov. 13, 1989, is vacated and this case is remanded consistent with the foregoing opinion.

Jurisdiction relinquished.